## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**Marti Worley**
    **Plaintiff,**

**vs.**

**Case No.** 2:16-cv-05217

**JPMorgan Chase Bank, NA**
    **Defendant.**

### COMPLAINT

1. The Plaintiff, Marti Worley, is a resident of West Virginia.

2. The Plaintiff is a person who falls under the protection of Article 2 of the West Virginia
   Consumer Credit and Protection Act (herein "WVCCPA") and is entitled to the remedies
   set forth in Article 5 of the WVCCPA.

3. The Defendant, JPMorgan Chase Bank, NA, is a corporation having its principal offices
   in a state other than West Virginia and which does business in West Virginia.

4. The Defendant is a debt collector as defined by *West Virginia Code* §46A-2-122(d)
   engaging directly or indirectly in debt collection as defined by *West Virginia Code* §46A-
   2-122(c) within the State of West Virginia, including KANAWHA County, West Virginia.

5. After the Plaintiff became in arrears upon the alleged indebtedness to the Defendant,
   upon Plaintiff's account with JPMorgan Chase Bank, NA, the Defendant began to engage
   in collection of such indebtedness through the use of telephone calls placed to Plaintiff,
   by written communications and did otherwise communicate with Plaintiff to collect the
   alleged debt.

6. The Plaintiff retained the undersigned counsel to represent Plaintiff's interest in
   connection with consumer indebtedness on which Plaintiff had become in arrears.

1

7.  * Thereafter, the Plaintiff mailed a letter to the Defendant advising the Defendant of the Plaintiff's retention of an attorney and providing the Defendant with the name, address, and telephone number of the Plaintiff's attorney.

8.  In the letter the Plaintiff mailed the Defendant, the Plaintiff requested the Defendant stop calling the Plaintiff and provided the Defendant with the Plaintiff's telephone numbers so the Defendant knew which numbers to stop calling.

9.  The Plaintiff, in the letter, removed the Defendant's authorization to call the Plaintiff.

10. Thereafter, Defendant continued to cause telephone calls to be placed to the Plaintiff.

11. The Defendant maintains records of each call placed to the Plaintiff by date, time called, duration of call, the identity of the Defendant's employee and notes or codes placed upon such record by the Defendant's employee.

12. Such records will reflect that the Defendant placed telephone calls to the Plaintiff's residential telephone number after it appeared that Plaintiff was represented by an attorney and the attorney's name and telephone number were known or could be reasonably ascertained.

### COUNT I

*VIOLATIONS OF THE WEST VIRGINIA CONSUMER CREDIT AND PROTECTION ACT*

13. The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

14. The Defendant has engaged in repeated violations of Article 2 of the *West Virginia Consumer Credit and Protection Act*, including but not limited to,

a.  engaging in unreasonable or oppressive or abusive conduct towards the Plaintiff in connection with the attempt to collect a debt by placing telephone calls to the Plaintiff after the Plaintiff has requested the Defendant stop calling the Plaintiff in violation of *West Virginia Code* §46A-2-125;

b.  causing Plaintiff's phone to ring or engaging persons, including the Plaintiff, in telephone conversations repeatedly or continuously or at unusual times or at times known to be inconvenient, with the intent to annoy, abuse or oppress the Plaintiff in violation of *West Virginia Code* §46A-2-125(d);

c.  using unfair or unconscionable means to collect a debt from Plaintiff in violation of *West Virginia Code* §46A-2-128(e) by communication with Plaintiff after it appeared that the Plaintiff was represented by an attorney;

d.  failing to clearly disclose the name of the business entity making a demand for money upon Plaintiff's indebtedness in violation of *West Virginia Code* §46A-2-127(a) and (c).

15. As a result of the Defendant's actions, Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

## COUNT II

### VIOLATION OF THE WEST VIRGINIA COMPUTER CRIMES AND ABUSE ACT

16. The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

17. The Plaintiff is a "persons" as defined by *West Virginia Code* §61-3C-3(n) as Plaintiff is a "natural person."

3

18. The Defendant, JPMorgan Chase Bank, NA, is a "person" as defined by West Virginia Code §61-3C-3(n) as Defendant is a "limited partnership, trust association or corporation."

19. The Defendant, with the intent to harass, used an "electronic communication device" as defined by West Virginia Code §61-3C-14a to make contact with the Plaintiff after being requested by Plaintiff to desist from contacting the Plaintiff in violation of *West Virginia Code* §61-3C-14a(a)(2).

20. The Plaintiff was injured as a result of the violations of the *West Virginia Computer Crimes and Abuse Act* as set forth above.

21. Plaintiff seeks compensatory damages for injuries provided by *West Virginia Code* §61-3C-16(a)(1) and punitive damages pursuant to *West Virginia Code* §61-3C-16(a)(2).

22. As a result of the Defendant's actions, Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise caused indignation and distress.

## COUNT III

### *VIOLATION OF TELEPHONE HARASSMENT STATUTE*

23. The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

24. The Defendant made or caused to be made telephone calls to the Plaintiff causing Plaintiff's telephone(s) to ring repeatedly and continuously with the intent to annoy and harass the Plaintiff in violation of *West Virginia Code* §61-8-16(a)(3).

4

25. The Plaintiff was injured by Defendant's violation of *West Virginia Code* §61-8-16(a)(3). As Plaintiff was injured by Defendant's violation of *West Virginia Code* §61-8-16(a)(3), the Plaintiff have a civil cause of action for damages Plaintiff sustained by reason of said statutory violation pursuant to West Virginia Code §55-7-9 which so provides.

26. As a result of the Defendant's actions, Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise caused indignation and distress.

## COUNT IV

### *COMMON LAW NEGLIGENCE*

27. The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

28. Defendant negligently failed to train, supervise, monitor or otherwise control its employees to ensure that its employees did not violate the WVCCPA as alleged in Count I.

29. As a result of the Defendant's actions, Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

## COUNT V

### *INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS*

30. The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

31. The following conduct of Defendant was atrocious, intolerable and extreme so as to exceed the bounds of decency:

5

a.  Defendant placed telephone calls to Plaintiff after Defendant knew that Plaintiff was represented by an attorney in gross violation of the WVCCPA;

b.  Defendant has adopted policies and procedures without regard to West Virginia law, which violate West Virginia law and are designed to, or have the effect of, inflicting emotional distress upon consumers to coerce the consumer to pay money to the Defendant;

c.  Insofar as Defendant's violations of the WVCCPA are deemed to be "willful," pursuant to *West Virginia Code* §46A-5-103(4) such conduct is, as a matter of law, criminal conduct punishable by fine and/or imprisonment;

d.  Insofar as Defendant's conduct caused a phone to ring with the intent to harass, such conduct is criminal conduct pursuant to *West Virginia Code* §61-8-16(a)(3) punishable by fine and/or imprisonment;

e.  Insofar as Defendant's conduct of engaging in telephone conversation with Plaintiff undertaken with the intent to harass, such conduct is criminal conduct proscribed by *West Virginia Code* §61-8-16(a)(4) punishable by fine and/or imprisonment;

f.  Insofar as Defendant's conduct constituted knowingly allowing a phone under Defendant's control to be used to harass any person, such conduct is criminal conduct proscribed by *West Virginia Code* §61-8-16(b) punishable by fine and/or imprisonment.

32. As a result of the Defendant's actions, the Plaintiff has suffered emotional distress.

33. As a result of the Defendant's actions, the Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

## COUNT V

### *COMMON LAW INVASION OF PRIVACY*

34. The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

35. The Plaintiff has, and have, an expectation of privacy to be free from harassing and annoying telephone calls within the confines of Plaintiff's home.

36. The acts of the Defendant in placing telephone calls to Plaintiff's home telephone number invaded, damaged and harmed Plaintiff's right of privacy.

37. As a result of the Defendant's actions, the Plaintiff suffered emotional distress.

38. As a result of the Defendant's action, the Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

## COUNT VI

### *VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT*

39. The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

40. The Defendant used a predictive or otherwise automated dialer system to call the Plaintiff.

41. The predictive dialer system resulted numerus calls being placed by the Defendant to the Plaintiff's cell phone

42. The Plaintiff removed any consent that may have existed to call the Plaintiff's cell phone by the act of Plaintiff sending the Defendant a letter asking the Defendant to stop calling Plaintiff.

43. Plaintiff provided the Defendant with Plaintiff's cell phone number in the letter so Defendant could identify specifically all numbers Defendant may no longer call.

44. As a result of the Defendant's actions, defendant has repeatedly violated the Telephone Consumer Protection Act 47 USCS § 227(b)(1) by:

   a.  Making calls to the Plaintiff's cellular telephone by means of an automatic dialing system.

45. The Defendant's violations of the Telephone Consumer Protection Act were willful to the extent the Plaintiff repeatedly removed his consent to call his cell phone, and the Defendant ignored him.

   As a result of the Defendant's actions, Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

### DEMAND FOR RELIEF

Plaintiff demands from the Defendant:

a.  Actual damages for the violations of the WVCCPA as authorized by *West Virginia Code* §46A-5-101(1) for all such violations that occurred up to the date and time of the filing of this complaint;

b.  Statutory damages in the maximum amount authorized by *West Virginia Code* §46A-5-101(1) as adjusted for inflation pursuant to *West Virginia Code* §46A-5-106 for all such violations that occurred up to the date and time of the filing of this complaint;

c.  Plaintiffs cost of litigation, including attorney fees, court costs and fees, pursuant to *West Virginia Code* §46A-5-104;

d.  The Plaintiffs be awarded general damages for the Defendant's negligence as alleged in Count II of the Complaint;

8

e. $500 per violation of the Telephone Consumer Protection Act as provided for in in 47 USCS § 227(b)(3)(B);

f. $1,500 per violation of the Telephone Consumer Protection Act to the extent the violations were willful 47 USCS § 227(b)(3)(C);

g. The Plaintiffs be granted general damages and punitive damages for Defendant's conduct alleged in Count II, III, IV, and V;

h. Such other relief as the Court shall deem just and proper under the attendant circumstances.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE**

**MARTI WORLEY**
BY COUNSEL

BY:     /s/ Benjamin M. Sheridan
        Benjamin M. Sheridan (# 11296)
        Daniel K. Armstrong (#11520)
        Mitchell Lee Klein (# 2071)
        *Counsel for Plaintiff*
        Klein & Sheridan, LC
        3566 Teays Valley Road
        Hurricane, WV 25526
        (304) 562-7111
        Fax: (304) 562-7115